IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN EAGLE ENERGY CORP. | ) | Case No. 15-15073-HRT |
| | ) | |
| | ) | |
| AMZG, INC. | ) | Case No. 15-15074-HRT |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

| | | |
|---|---|---|
| | ) | |
| PRECISION COMPLETION & PRODUCTION SERVICES, LTD., HYDRATEK, INC., MILLER OIL COMPANY, INC., HALLIBURTON ENERGY SERVICES, INC., POWER CRUDE TRANSPORT, INC., G-STYLE TRANSPORT, LLC, IRONGATE RENTAL SERVICES, LLC, and NABORS DRILLING USA LP, | ) ) ) ) ) ) ) ) ) ) | Adversary No. 15-01269-HRT |
| Plaintiffs, | ) | |
| vs. | ) ) | |
| BENNETT MANAGEMENT CORPORATION, ARISTEIA CAPITAL, LLC, KAYNE ANDERSON CAPITAL ADVISORS, L.P., NORTHEAST INVESTORS TRUST, WISCO, INC., CALFRAC WELL SERVICES, CORP., AES DRILLING FLUIDS, LLC, HAMM & PHILLIPS SERVICE COMPANY, INC., DRILL TECH, LLC, THRU TUBING SOLUTIONS, INC., JACAM CHEMICALS 2013, LLC, TRIPLE S ENTERPRISES, INC., CRUZ ENERGY SERVICES, LLC, CMG OIL & GAS, INC., AMERICAN EAGLE ENERGY CORPORATION, AMZG, INC., and U.S. BANK, NATIONAL ASSOCIATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

NYC:342591.1

## U.S. BANK'S MOTION FOR SUMMARY JUDGMENT

U.S. Bank National Association ("U.S. Bank") hereby seeks entry of summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as incorporated by Rule 7056 of the Federal Rules of Bankruptcy Procedure in favor of U.S. Bank with respect to:

a. All of Plaintiffs' requests for declaratory judgment in the Complaint;

b. U.S. Bank's request for a declaration that the Senior Secured Liens are deemed perfected as of the date MSCG perfected its liens and mortgages on all of the Debtors' assets;

c. U.S. Bank's request for a declaration that the security interests held by U.S. Bank on the Debtors' assets in Divide County, North Dakota are deemed perfected as of the date Macquarie perfected its security interests on the Debtors' assets in Divide County;

d. U.S. Bank's request for a declaration that it is both contractually and equitably subrogated to MSCG's prior perfected liens and mortgages on all of the Debtors' assets and the same perfection dates from items (a) and (b) above apply to the Senior Secured Liens;

e. U.S. Bank's request for a declaration that it is both contractually and equitably subrogated to Macquarie's prior perfected liens and mortgages on the Debtors' assets in Divide County, North Dakota;

f. U.S. Bank's request for a declaration that the that the Well Lien Statute does not allow a Well Lien Defendant whose lien perfection date is after the date the Senior Secured Liens were perfected to use a different Well Lien Defendant's lien perfection date in order to obtain priority over the Senior Secured Liens;

g. U.S. Bank's request for a declaration that the Well Lien Statute does not allow a Well Lien Defendant to use the date it first furnished material, services, or labor to the Debtors on one leasehold in order to establish the lien perfection date in favor of the Well Lien Defendant on a different leasehold; and

h. U.S. Bank's request for a declaration that the Well Lien Statute does not allow a Well Lien Defendant to use the date or dates it furnished material, services, or labor to the Debtors for which it has been fully compensated to establish the date a lien arises under the Well Lien Statute.

Filed concurrently herewith is the Memorandum of Law in Support of Motion for Summary Judgment (the "Memorandum"), containing the undisputed facts and legal arguments upon which U.S. Bank relies. In addition, filed concurrently herewith is the Affidavit of Brian M. Clarke in Support of Motion for Summary Judgment, which attaches true and correct copies of certain documents cited by U.S. Bank in the Memorandum. No genuine issue of material fact

NYC:342591.1

exists with regard to the matters on which U.S. Bank seeks summary judgment and U.S. Bank's Motion for Summary Judgment should be granted as a matter of law.

Wherefore, U.S. Bank respectfully requests that this Court grant the Motion for Summary Judgment thereby entering a judgment:

a. Denying all of Plaintiffs' requests for declaratory judgment in the Complaint;

b. Granting U.S. Bank's request for a declaration that the Senior Secured Liens are deemed perfected as of the date MSCG perfected its liens and mortgages on all of the Debtors' assets;

c. Granting U.S. Bank's request for a declaration that the security interests held by U.S. Bank on the Debtors' assets in Divide County, North Dakota are deemed perfected as of the date Macquarie perfected its security interests on the Debtors' assets in Divide County;

d. Granting U.S. Bank's request for a declaration that it is both contractually and equitably subrogated to MSCG's prior perfected liens and mortgages on all of the Debtors' assets and the same perfection dates from items (a) and (b) above apply to the Senior Secured Liens;

e. Granting U.S. Bank's request for a declaration that it is both contractually and equitably subrogated to Macquarie's prior perfected liens and mortgages on the Debtors' assets in Divide County, North Dakota;

f. Granting U.S. Bank's request for a declaration that the that the Well Lien Statute does not allow a Well Lien Defendant whose lien perfection date is after the date the Senior Secured Liens were perfected to use a different Well Lien Defendant's lien perfection date in order to obtain priority over the Senior Secured Liens;

g. Granting U.S. Bank's request for a declaration that the Well Lien Statute does not allow a Well Lien Defendant to use the date it first furnished material, services, or labor to the Debtors on one leasehold in order to establish the lien perfection date in favor of the Well Lien Defendant on a different leasehold; and

h. Granting U.S. Bank's request for a declaration that the Well Lien Statute does not allow a Well Lien Defendant to use the date or dates it furnished material, services, or labor to the Debtors for which it has been fully compensated to establish the date a lien arises under the Well Lien Statute.

[*Remainder of Page Intentionally Left Blank*]

NYC:342591.1

Dated: August 13, 2015 Respectfully submitted,

**ANDREWS KURTH LLP**

  /s/ Paul N. Silverstein
Paul N. Silverstein
Brian M. Clarke
**ANDREWS KURTH LLP**
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929
Email: paulsilverstein@andrewskurth.com
brianclarke@andrewskurth.com

J. Wiley George
Timothy A. Davidson II
**ANDREWS KURTH LLP**
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285
Email: wileygeorge@andrewskurth.com;
TDavidson@andrewskurth.com

John F. Young (#26989)
James T. Markus (#25065)
**MARKUS WILLIAMS YOUNG & ZIMMERMAN LLC**
1700 Lincoln Street, Suite 4550
Denver, Colorado 80203
Telephone: (303) 830-0800
Facsimile: (303) 830-0809
Email: jyoung@markuswilliams.com
Email: jmarkus@markuswilliams.com

*Counsel to the U.S. Bank National Association in its capacity as Indenture Trustee and Collateral Agent for the 11.0% Senior Secured Notes due 2019*

NYC:342591.1

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of U.S. Bank's Motion for Summary Judgment, Memorandum of Law in Support of Motion for Summary Judgment and the Affidavit of Brian M. Clarke in Support of U.S. Bank's Motion for Summary Judgment and a cd containing all Exhibits will be mailed on the 14th day of August, 2015, via regular U.S. mail, postage prepaid upon the following:

| | |
|---|---|
| Duncan E. Barber<br>4582 S. Ulster St. Pkwy., Ste. 1650<br>Denver, CO 80237 | Spencer D. Solomon<br>2800 Post Oak Blvd., 61st Floor<br>Houston, TX 77056 |
| Carl Dore<br>17171 Park Row, Ste 350<br>Houston, TX 77084 | Charles Greenhouse<br>1400 16th St., 6th Floor<br>Denver, CO 80202 |
| Theodore J. Hartl<br>600 17th St., Suite 1800 South<br>Denver, CO 80202 | Kevin M. Lippman<br>500 N. Akard St., Ste. 3800<br>Dallas, TX 75201-6659 |

                                      *s/ Jenny F. Tokuoka*
                                      Jenny F. Tokuoka

NYC:342591.1